IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| W. E. DAVIS & SONS, CONSTRUCTION COMPANY, INC., ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CIVIL ACTION NO 05-0468-KD-M |
| R. P. CARBONE COMPANY, ) ) ) | |
| Defendant. ) | |

### ORDER

This matter is before the court on plaintiff W.E. Davis & Sons Construction Company, Inc.'s motion for reconsideration of the order entered October 18, 2005, staying this case for arbitration (doc. 27), plaintiff's motion to conduct limited discovery in support of the motion (docs. 28),[1] defendant R. P. Carbone Company's opposition (doc. 30), plaintiff's motion to substitute Lynn Harwell Andrews, plaintiff's Trustee in Bankruptcy, as the plaintiff(doc. 31),[2] and plaintiff's motion for extension of time to file rebuttal (doc. 32).[3]  Upon consideration and for the following reasons, the plaintiff's motion for reconsideration is **DENIED**. (Doc. 27)

On October 18, 2005, after notification from plaintiff's counsel of no objection, this breach of contract action was stayed pending arbitration. (Doc. 17).  The case was subsequently

---

[1] Because the undersigned has determined that the stay should not be lifted, the motion to conduct limited discovery (doc. 28) is **MOOT**.

[2] Plaintiff docketed this pleading as a motion to substitute.  The pleading identified itself as a notice of substitution.  However, because the undersigned has determined that the stay should not be lifted, issues regarding substitution of parties should be addressed with the arbitrator.  Therefore, the motion to substitute (doc. 31) is **MOOT.**

[3] Because the undersigned has determined that the stay should not be lifted, the motion for extension of time to file a rebuttal to defendants's response (doc. 32) is **MOOT**.

sent to an arbitrator and plaintiff filed bankruptcy. (Docs. 20, 22, 25). Plaintiff filed a motion for reconsideration of the order staying the case for arbitration and seeks to have the stay lifted so that the breach of contract action may be pursued in this court. (Doc. 27). Plaintiff argues that the contract between it and the defendant was void under Alabama law because defendant was not properly licensed as a general contractor in Alabama;[4] thus, the arbitration clause is void and unenforceable and the stay should be lifted.

Defendant responds that reconsideration should be denied because more than eighteen months have passed since the parties agreed and stipulated to arbitration and the stay was entered and because the parties have reported in three status reports that arbitration was forthcoming. Defendant also argues that plaintiff cannot assert that the arbitration clause of the contract is void while at the same time seek to enforce a breach of the contract and that the Trustee in bankruptcy is bound by the prior acts of the bankrupt plaintiff. Defendant also argues that reconsideration is unavailable because the facts supporting the motion could have been raised at the time of the motion to compel arbitration and plaintiff has not explained why it failed to do so.

Motions for reconsideration are granted in limited circumstances. The Southern District has previously set forth in Gougler v. Sirius Products, Inc., 370 F. Supp.2d 1185 (S.D. Ala., 2005), the standard of review, as follows:

> In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. . . . Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." . . .  It is well established in this circuit that "[a]dditional facts and

---

[4] Initially Carbone was licensed in 1999. It was not licensed at the time of the breach of contract. The contract was entered into on Sept 14, 2001, Carbone's license expired Dec 31, 2001 but it continued to conduct business as a general contractor, and Davis alleges that the breach occurred thereafter.

> arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." . . . Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." . . .
>
> Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. . . . [Also,] [t]he grant or denial of a motion to reconsider is left to the discretion of the district court.

Gougler v. Sirius Products, Inc., 370 F. Supp.2d 1185, 1189-1190 (S.D. Ala., 2005) (footnote omitted; citations omitted); Bell v. Integrated Health Services, Inc., 2007 WL 433561 at *1 (S.D. Ala. 2007).

In the motion to reconsider, plaintiff has not argued clear error or manifest injustice, the availability of new evidence, or intervening change of law.  Instead, plaintiff asserts that defendant did not have a valid and current general contractors license at the time the contract was breached and therefore, the contract is void or voidable and the arbitration clause therein is not enforceable.  However, any argument against arbitration based upon this set of facts could have been raised at the time of the motion to compel arbitration and is not an appropriate ground for reconsideration.  Also, plaintiff has not shown good cause or explained why the argument was not raised at that time and plaintiff has not raised any objection to the arbitration during the approximately eighteen month period between the order to stay for arbitration and the motion to reconsider. Accordingly, because reconsideration of an existing order is an extraordinary remedy to be employed sparingly, the motion for reconsideration (doc. 27) is **DENIED**.

**DONE** and **ORDERED** this the 9th day of July, 2007.

                                       s / Kristi K. DuBose
                                       **KRISTI K. DuBOSE**
                                       **UNITED STATES DISTRICT JUDGE**